FILED
United States Court of Appeals
Tenth Circuit

July 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARK BRADLEY KLINGENSMITH,

      Defendant-Appellant.

No. 09-3026

(D. Kansas)

D.C. Nos. 2:08-CV-02363-JWL and
2:05-CR-20063-JWL-1

---

**ORDER**

---

Before **HENRY**, Chief Judge, **PORFILIO** and **BRORBY**, Circuit Judges.

---

Mark B. Klingensmith, appearing pro se, requests a certificate of appealability ("COA") to perfect his appeal from the district court's order that denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Reviewing Mr. Klingensmith's filings liberally, we conclude that Mr. Klingensmith has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we DENY Mr. Klingensmith's request for a COA and DISMISS this matter.

\*\*\*

In April 2007, Mr. Klingensmith pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine,

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) and 846 and 18 U.S.C. § 2. The plea contained a waiver of his right to appeal and collateral attack. At sentencing, Mr. Klingensmith received a $15,000 fine and a ninety-two month term of imprisonment. Subsequently, he moved the district court for § 2255 relief, alleging that:

> [H]e received ineffective assistance of counsel in connection with the negotiation of the plea agreement and his decision to plead guilty because his counsel neglected to advise him that the indictment should have been dismissed for violation of the Speedy Trial Act; because his counsel assured him that he would receive "the minimum sentence" by entering a plea of guilty[;] . . . because his counsel failed to object to Mr. Klingensmith's classification in the Presentence Report as a career offender and failed to object to the court's imposition of a fine.

Rec. vol. I, at 155-56 (Dist. Ct. Order, filed Jan. 15, 2009). In addition, Mr. Klingensmith asserts that the $15,000 fine constitutes a violation of 18 U.S.C. § 3572, which requires sentencing courts to consider a defendant's income, earning capacity and financial resources when issuing a criminal fine.[1] The district court denied Mr. Klingensmith's motion on all grounds. Mr. Klingensmith now requests a COA from this court.

Prior to filing an appeal, "a prisoner who was denied [§ 2255] relief in the district court must first seek and obtain a COA . . . . This is a jurisdictional

---

[1] Presumably because Mr. Klingensmith's challenge of the $15,000 fine is without merit, the district court did not address it. We too decline to address Mr. Klingensmith's challenge to the fine because his plea contained a waiver of the right to contest the fine.

2

prerequisite . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* Fed. R. App. P. 22(b)(1). A COA may only be issued if Mr. Klingensmith makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Mr. Klingensmith must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (alteration and internal quotation marks omitted); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To determine whether Mr. Klingensmith has satisfied his burden, we undertake a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338. Mr. Klingensmith need not demonstrate his appeal will succeed to be entitled to a COA; however, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

Mr. Klingensmith contends that reasonable jurists could debate the correctness of the district court's denial of his § 2255 motion; whether his pretrial delay violated STA ("Speedy Trial Act") and defense counsel was constitutionally ineffective for failing to raise the issue; and whether counsel rendered constitutionally ineffective assistance at sentencing. We need not resolve the merits of these contentions, however, because he waived his right to appeal and

3

collateral attack. In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), we held a waiver of appeal is enforceable so long as (1) the disputed issue falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver does not result in a miscarriage of justice. We conclude that Mr. Klingensmith's waiver satisfies all three conditions.

## I. Mr. Klingensmith waived his right to bring the instant 28 U.S.C. § 2255 action.

Turning to the first prong, we conclude that this proceeding falls within the scope of Mr. Klingensmith's waiver. In his plea agreement, Mr. Klingensmith agreed to a broad waiver of his "right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence," including his right to § 2255 relief. Rec. vol. 1. at 157.

The breadth of the waiver is not only clear from its language but also from the colloquy before the district court. Before entering the plea, the district court asked Mr. Klingensmith if he understood the broad scope of the waiver; specifically, the district court clarified that Mr. Klingensmith had waived his right to collaterally attack his sentence. *Id*. at 91-92. In response, Mr. Klingensmith stated:

> Mr. Klingensmith: Yes, Judge. I understand what a 2255 is, and habeas corpus, and I give up those rights.

> The Court: Okay. And you're willing to do that as part of this plea

4

agreement.

Mr. Klingensmith.  Yes, sir.

*Id*.

**II.    Mr. Klingensmith's plea was both knowing and voluntary.**

Turning to *Hahn*'s second prong–whether the plea and waiver were knowing and voluntary–we look at (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether an adequate Federal Rule of Criminal Procedure 11 colloquy took place.  *Hahn*, 359 F.3d at 1325.  The waiver's language and the court's colloquy about its breadth make clear that Mr. Klingensmith understood, before entering his plea, that he was waiving the right to bring this habeas action.

**III.    Enforcement of the plea does not result in a "miscarriage of justice."**

Under *Hahn*, notwithstanding the execution of a knowing and voluntary waiver of a right that falls within the scope of the plea agreement waiver, the plea agreement may nevertheless be invalidated if enforcement would render a "miscarriage of justice."  These exceptions are found:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

*Hahn*, 359 F.3d at 1327.  A waiver is "otherwise unlawful" if subject to an error that "seriously affect[s] the fairness, integrity or public reputation of judicial

5

proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Mr. Klingensmith's petition focuses on *Hahn*'s ineffective assistance of counsel exception, specifically, that counsel failed to advise him that his indictment should have been dismissed for violation of STA and assured him that he would receive the minimum sentence by pleading guilty.

To prevail on an ineffective assistance of counsel claim, the petitioner must show his attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner has the burden of proof to overcome a strong presumption that counsel provided effective assistance, *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citation omitted), and conclusory assertions are not sufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); s*ee also United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (petitioner must show–beyond mere allegations–that counsel's deficient performance "affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (citation and internal quotation marks omitted)).

STA generally requires a trial to begin within seventy days of the filing of an indictment or the defendant's initial appearance, 18 U.S.C. § 3161(c)(1), but provides a number of exceptions excluding specific periods of delay from being counted toward the seventy-day time limit, *see id*. § 3161(h). Mr. Klingensmith

6

claims that the seventy days within which STA required that he be brought to trial elapsed between his initial appearance after arrest on July 11, 2005 and the court's acceptance of his April 10, 2007 plea agreement. A review of the record, however, reveals that the delays in this case resulted from Mr. Klingensmith's requests for continuances for additional time to cooperate with the Government. Rec. vol. I, at 161. As such, these delays are properly excluded under 18 U.S.C. § 161(h)(7)(A) (defining as excludable "[a]ny period of delay resulting from a continuance granted by any judge at the request of the defendant or his counsel, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . . ."). As the district court noted, "the record contains no evidence that [Mr. Klingensmith] objected to his counsel's requests for continuances or asserted his speedy trial rights in any manner." Rec. vol. 1, at 161. Mr. Klingensmith has thus failed to show that his counsel was constitutionally ineffective.

As to Mr. Klingensmith's contention that counsel's assurance of a minimum sentence, the record does not disclose any misrepresentations by his counsel regarding the potential prison term. To the contrary, the Rule 11 colloquy and plea agreement demonstrate that Mr. Klingensmith was aware that he was entitled to no sentencing guarantee, and that his dissatisfaction with any sentence did not provide any grounds for withdrawal of the plea or appeal. As a

result, Mr. Klingensmith fails to satisfy his burden to demonstrate ineffective assistance of counsel as it relates to the validity of his waiver of collateral attack.

***

As outlined herein, we agree with the district court that Mr. Klingensmith's § 2255 motion is properly precluded by the waiver in his plea agreement. No reasonable jurist could debate the propriety of the district court's ruling on this issue. We accordingly DENY Mr. Klingensmith's request for a COA and DISMISS this matter.

Entered for the Court


Robert H. Henry
Chief Judge