FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MERVIN EDY WOLF,

    Defendant - Appellant.

No. 16-1075
(D.C. Nos. 1:15-CV-01948-RM and
1:14-CR-00107-RM-1)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH,** and **McHUGH**, Circuit Judges.

Petitioner-Appellant Mervin Edy Wolf, a federal prisoner proceeding pro se, seeks

a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B) to appeal the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255. Because

he is proceeding pro se, we construe Mr. Wolf's filings liberally, *see Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991), but "our role is not to act as his advocate," *Gallagher*

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Before filing his § 2255 petition, Mr. Wolf entered a guilty plea in the United States District Court for the District of Colorado to three of the four counts in his indictment.

After the court imposed a sentence of 720 months, Mr. Wolf filed a motion under § 2255 in the district court, claiming he accepted the plea as a result of ineffective assistance of counsel. In denying Mr. Wolf's petition, the district court concluded Mr. Wolf had failed to demonstrate that his counsel's performance was deficient and that his counsel's alleged errors prejudiced him to the extent that he would not have entered a plea and instead opted for trial.

Mr. Wolf has now filed a combined merits brief and application for a COA in this court. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Wolf's application for a COA and dismiss his appeal. As the district court correctly noted, Mr. Wolf's failure to demonstrate prejudice is fatal to his request for a COA.

## I.   BACKGROUND

In January 2014, Minor #1, a fourteen-year-old child living in California, disclosed to her family and to law enforcement that Mr. Wolf had been molesting her since 2007, when she was seven years old. She further detailed the nature of his sexual abuse, stating that he had filmed and photographed the incidents. On March 5, 2014, Minor #1 called Mr. Wolf (at the direction of law enforcement), and during their recorded conversation Mr. Wolf confirmed that he had a sexual relationship with the victim and that he had recorded the abuse.

On the same day, a federal search warrant was executed at Mr. Wolf's home in Colorado. Upon being confronted with the allegations of abuse, and after being advised of his *Miranda* rights, Mr. Wolf admitted to traveling from Colorado to California to commit the abuse and to videotaping and photographing the incidents. Authorities recovered a number of devices containing evidence of the abuse, including computers and cameras. Several weeks later, a four-count indictment was entered against Mr. Wolf, who at the time was sixty-two years old.

Count One of the indictment, which carried a sentence of not less than thirty years and not more than life, charged Mr. Wolf with crossing a state line with the intent to engage in a sexual act with a person under the age of twelve, in violation of 18 U.S.C. § 2241(c). Counts Two through Four, which each carried a sentence of not less than fifteen years' and not more than thirty years' imprisonment, charged Mr. Wolf with enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). In total, Mr. Wolf faced a potential sentence of 120 years in prison.

Several months later, Mr. Wolf pled guilty to Counts Two, Three, and Four of the Indictment. In exchange for Mr. Wolf's agreement to waive a venue challenge, the United States agreed to dismiss Count One of the Indictment. Under the terms of the plea agreement, Mr. Wolf also waived his right to appeal under the condition that he was permitted to raise the "claim that [he] was denied the effective assistance of counsel." Mr. Wolf was also permitted to seek a minimum sentence of fifteen years' imprisonment,

recognizing that the United States would seek the maximum sentence allowable of ninety years' imprisonment. Mr. Wolf was ultimately sentenced to sixty years (720 months) in prison. Consistent with his waiver, he did not file an appeal.

In March 2016, Mr. Wolf filed a challenge to his plea under § 2255, claiming he entered the plea as a result of the ineffective assistance of counsel. He raised six claims in his petition, arguing that counsel failed to: (1) challenge the constitutionality of the statute under which he was charged—18 U.S.C. § 2251(a)—because the statute allegedly violates the Tenth Amendment; (2) challenge the lack of a nexus between Mr. Wolf's actions and interstate commerce, thereby depriving him of his right to due process; (3) raise a venue challenge, since the alleged conduct occurred in California, rather than Colorado; (4) move to suppress evidence obtained from Mr. Wolf's home, given the alleged lack of a search warrant; (5) move to suppress statements Mr. Wolf made during the recorded conversation with Minor #1, as Minor #1 was allegedly acting as an agent of the government, and (6) recognize the government's failure of proof, since the indictment was written in the conjunctive, therefore requiring proof of all elements in the aggregate.

In ruling on Mr. Wolf's petition, the district court discussed each of these claims, ultimately concluding that they lacked merit and that Mr. Wolf's counsel did not provide deficient performance. The district court further rejected Mr. Wolf's suggestion that he was coerced into his plea as unsubstantiated, noting that the plea agreement and the proceedings at the change of plea hearing fully supported the voluntary nature of his plea. Finally, the district court concluded that even assuming counsel's performance was

deficient, Mr. Wolf had failed to establish prejudice. Accordingly, the district court denied Mr. Wolf's petition and concluded no evidentiary hearing was warranted. A final judgment against Mr. Wolf was entered three days later.

## II. DISCUSSION

We conclude that Mr. Wolf has failed to make a substantial showing of the denial of a constitutional right and therefore deny his request for a COA. A federal prisoner must obtain a COA as a jurisdictional prerequisite to challenge a federal district court's denial of habeas corpus relief. 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233–34 (10th Cir. 2008). And we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a habeas petitioner to "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where, as here, a petitioner has entered a guilty plea, he may obtain a COA to challenge the plea on the basis of ineffective assistance of counsel *only* where the challenge relates to the validity of the plea (i.e. whether it was entered voluntarily and knowingly)—not on the basis of "[a] miscalculation or erroneous sentence estimation by defense counsel." *United States v. Parker*, 720 F.3d 781, 787 n.9 (10th Cir. 2013) (internal quotation marks omitted). In reviewing such a challenge, we use the two-part

test announced in *Strickland v. Washington*, 466 U.S. 668 (1984), under which "the defendant must show that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (citation omitted) (quoting *Strickland*, 466 U.S. at 688). "In the context of a guilty plea, this requires defendant to show that counsel's deficient performance affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (internal quotation marks and emphases omitted); *see also United States v. Viera*, 674 F.3d 1214, 1219–20 (10th Cir. 2012) (denying COA where the defendant failed to "show[] that, absent counsel's alleged failure to advise him that he would be deported, he would have gone to trial").

For Mr. Wolf to demonstrate prejudice on his ineffective assistance of counsel claims, he was accordingly required to establish that the alleged errors of counsel "affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Clingman*, 288 F.3d at 1186 (internal quotation marks and emphases omitted). Mr. Wolf failed to make this showing before the district court, and he likewise fails to make this showing in requesting a COA from this court on appeal.

On most of his claims, as the district court acknowledged, Mr. Wolf "is silent as to whether he would have proceeded to trial." On his Tenth Amendment and suppression

claims, he suggests only that a plea under alternative circumstances would have been more favorable. For instance, had counsel prevailed in raising a Tenth Amendment claim, Mr. Wolf suggests the alternative state charges "would have carried a significantly lesser sentence" than the federal charges he faced under 18 U.S.C. § 2251. He further argues that suppression of the phone call "could have resulted in Counsel negotiating a far more favorable plea deal" and that "the United States would have been unable to prosecute" his case had counsel moved to suppress his statements to law enforcement. Not only are his Tenth Amendment and suppression arguments legally unsound—as the district court accurately explained—but in claiming that the plea arrangement may have been more favorable, Mr. Wolf fails to carry his burden of demonstrating that, absent counsel's alleged errors, he would have instead opted for trial. Indeed, the overwhelming nature of the evidence against Mr. Wolf suggests the opposite.

This same conclusion applies to Mr. Wolf's venue challenge. In claiming that venue in Colorado was improper—an argument he waived in exchange for the government's agreement to drop Count One in the indictment—he argues incorrectly that "prejudice is presumed." In his briefing before this court, Mr. Wolf adds that the exchange was of no benefit—that even though the government "dismiss[ed] a count with a 30 year mandatory sentence" in exchange for waiving the venue challenge, "he ended up receiving a 60 year sentence." But Mr. Wolf fails to acknowledge that absent this exchange, he very well may have received the additional thirty-year sentence and been imprisoned for ninety years instead of sixty. And irrespective of his perception of the

ultimate benefit of dropping Count One, Mr. Wolf advances no argument that, but for counsel's deficient performance, he would have rejected the plea deal and proceeded to trial. Accordingly, his claim of prejudice here, as above, does not suffice.

As a final matter, the district court properly concluded that no evidentiary hearing was warranted. "District courts are entitled to some latitude with regard to evidentiary hearings, and the standard is higher than notice pleading." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Id*. We review the district court's decision not to conduct an evidentiary hearing on a collateral attack for an abuse of discretion. *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005). Given the conclusory and unsubstantiated nature of the allegations in Mr. Wolf's petition, the district court did not abuse its discretion in concluding no evidentiary hearing was warranted.

### III.    CONCLUSION

Because Mr. Wolf has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge


-8-