UNITED STATES of America,
Plaintiff–Appellee,

v.

Arthur Carter CLINGMAN,
Defendant–Appellant.

No. 01–2039.

United States Court of Appeals,
Tenth Circuit.

April 11, 2002.

Ordered Published May 1, 2002.

Submitted on the brief: * Arthur Carter Clingman, pro se.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

## ORDER

LUCERO, Circuit Judge.

The order and judgment dated April 11, 2002, shall be published. A copy of the published opinion is attached.

Defendant Arthur Carter Clingman, proceeding on appeal pro se, seeks a certificate of appealability ("COA") with respect to the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the appeal on the ground that defendant failed to file timely objections to the magistrate judge's proposed findings and recommended disposition and thereby waived his right to appellate review. We deny both the government's motion to dismiss and defendant's application for a COA.

### I

On July 17, 1996, defendant was indicted in the District of New Mexico on a charge of conspiring to possess with intent to distribute more than one kilogram of methamphetamine. Defendant made his first appearance before a magistrate judge on August 15, 1996, and he was arraigned the next day. On March 11, 1998, defendant pled guilty to the charge pursuant to

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the brief without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

a plea agreement. The district court subsequently sentenced defendant to 151 months imprisonment.

After voluntarily dismissing a direct appeal, defendant filed his § 2255 motion. Defendant was represented by new counsel in the § 2255 proceedings, and his counsel argued that the guilty plea should be vacated on the grounds that defendant received ineffective assistance from his trial counsel because counsel: (1) failed to move to dismiss the indictment on speedy trial grounds; and (2) failed to investigate and assert a viable defense that defendant was charged for conduct he engaged in as a confidential informant.

The magistrate judge entered a report on November 2, 2000, recommending that defendant's § 2255 motion be denied. The following day, the magistrate judge entered a supplement to his report in which he advised defendant:

> Within ten days after a party is served with a copy of the [report] that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such [report]. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the [report]. If no objections are filed, no appellate review will be allowed.

(R. Doc. 9 at 1.)

Defendant filed objections to the magistrate judge's report on November 27, 2000. The district court subsequently entered an order adopting the report and denying defendant's § 2255 motion.

## II

The government argues that defendant waived his right to appellate review by failing to file his objections to the magistrate judge's report within the ten-day period specified in the supplement to the magistrate judge's report. While it appears that defendant may have failed to file his objections in a timely manner, we cannot conclusively resolve this issue on the present record.

The magistrate judge keyed the running of the ten-day period to the day when "a party is *served* with a copy of the [report]." (*Id.* at 1 (emphasis added).) Under the version of Rule 5(b) in effect at the time,[1] "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or party *or by mailing it to the attorney or party.*" Fed.R.Civ.P. 5(b) (2000) (emphasis added). Further, "[s]ervice by mail is accomplished, for purposes of Rule 5[b], when documents are placed in the hands of the United States Post Office or in a Post Office Box." *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1266 (10th Cir.1999).

▪ It is the normal practice of the district court to serve copies of court documents on counsel by U.S. Mail, and the documents are normally deposited in the mail on the same day they are entered on the court's docket. We cannot confirm that this procedure was followed with respect to the magistrate judge's report, however, because there is no certificate of service attached to the report. Further, while the district court's docket states that the court forwarded copies of the report to "all counsel," it does not indicate when the report was actually deposited in the mail.[2]

---

1. Federal Rule of Civil Procedure 5(b) has been restyled under the 2001 Amendments to the Federal Rules of Civil Procedure. However, no substantive changes were made to the rule for the purposes of this case.

2. Likewise, there is no certificate of service attached to the supplement to the magistrate judge's report, and the district court's docket does not indicate when the supplement was mailed to defendant's counsel.

As a result, we cannot conclusively determine when the ten-day period for filing objections to the report began to run, and we must therefore deny the government's motion to dismiss this appeal.

## III

Defendant must demonstrate that he is entitled to a COA under 28 U.S.C. § 2253. In order to receive a COA on his ineffective assistance claim, defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Before analyzing the merits of defendant's ineffective assistance claim, we must address whether defendant waived his right to seek the requested relief under § 2255 in the plea agreement. According to the terms of the plea agreement, defendant "waive[d] his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [§ 2255], except to the extent, if any, that the court may depart upwards from the applicable guideline sentencing range." (R. Doc. 1 Ex. B at 5.) However, defendant is not challenging his sentence, but is instead claiming that his guilty plea was rendered involuntary because he received inadequate advice from his trial counsel regarding his speedy trial rights and the alleged confidential informant defense. Consequently, the waiver in the plea agreement does not bar defendant's ineffective assistance claim. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.2001) (holding that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"), *cert. denied,* ——

U.S. ——, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002).

To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir.2001) (quotation omitted), *cert. denied,* —— U.S. ——, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." *Id.* (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. *See id.* at 1074–75.

After carefully reviewing the parties' district court and appellate briefs, the record on appeal, and the relevant case law, we do not believe defendant could have prevailed on a motion to dismiss on speedy trial grounds or obtained an acquittal based on the alleged confidential informant defense.[3] Accordingly, we hold that

---

**3.** With respect to the alleged confidential informant defense, defendant is not claiming that he would have received a shorter sentence based on the defense, but only that the defense would have likely provided a successful defense at trial. (*See* R. Doc. 7 at 6.)

defendant has failed to establish a reasonable probability that, but for his trial counsel's alleged errors, he would not have pled guilty.

■ First, we agree with the magistrate judge that, under the circumstances of this case, the nineteen-month delay between defendant's initial appearance and his guilty plea did not deprive him of his constitutional right to a speedy trial. (*See* R. Doc. 8 at 4–11.) We also agree that defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), were not violated because defendant has failed to show that seventy nonexcludable days elapsed between his initial appearance and his plea. (*See id.* at 11–12.) As a result, defendant's claim that he was prejudiced by his trial counsel's failure to move to dismiss the indictment on speedy trial grounds is without merit, and his related challenge to his guilty plea must fail.

■ Second, we agree with the magistrate judge that defendant has failed to establish that his trial counsel was ineffective in failing to investigate and assert the alleged confidential informant defense. (*See id.* at 12–14.) In fact, defendant's habeas counsel failed to articulate a single specific fact to support the alleged defense in the briefs he submitted in support of defendant's § 2255 motion, and defendant does not even refer to the alleged defense, or this aspect of his ineffective assistance claim, in his opening brief on appeal or his application for a COA. Thus, defendant has waived this aspect of his ineffective assistance claim, *see State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir.1994), and the claim is unsupported in any event.[4]

**IV**

The government's motion to dismiss is **DENIED.** Defendant's application for a COA is **DENIED,** and this appeal is **DISMISSED.**

---

4. Defendant also claims the district court erred in denying his request for an evidentiary hearing. We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion, *see United States v. Whalen,* 976 F.2d 1346, 1348 (10th Cir.1992), and we find no abuse of discretion.