FILED
United States Court of Appeals
Tenth Circuit

January 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BOBBY EUGENE SCOTT, JR.,

      Defendant - Appellant.

No. 13-5124
(D.C. No. 4:11-CV-00181-GKF-PJC and
4:08-CR-00038-GKF-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Bobby Eugene Scott, Jr. requests a certificate of appealability ("COA") to appeal

the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss

the appeal.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court noted that Scott was released from prison on December 14, 2011. Because Scott remains subject to supervised release, he remains "in custody" and is eligible to proceed under § 2255. See United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004).

# I

Tulsa Police Detectives Eric Nelson and Shawn Hickey, and Tulsa County Sheriff's Office Corporal Shane Rhames arrested Scott on February 15, 2008, for driving without a license. Rhames and Hickey proceeded to search the vehicle Scott was driving, and Hickey located a loaded handgun. Two other officers, Frank Khalil and Jeff Henderson, witnessed the traffic stop. Scott was charged with one count of possession of a firearm and ammunition by a convicted felon and one count of possession of a firearm and ammunition by a person convicted of a crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(1), (g)(9), and 924(a)(2).

Scott moved to suppress the evidence seized from the vehicle. At the suppression hearing, Khalil, Nelson, and Rhames testified on behalf of the government. The defense called Hickey to testify. After the district court denied Scott's motion to suppress, he pled guilty pursuant to a conditional plea agreement under which he retained the right to appeal the suppression issue. The Government dropped the second count of the indictment at the time of sentencing.

Scott represented at his change of plea hearing that "all of the representations contained in [his] petition to enter plea of guilty" were "true, complete and correct." The district court judge then walked Scott through the elements of the crime, and he admitted each. He stated that his guilty plea was made "voluntarily and completely of [his] own free choice." The court concluded that "Scott [was] fully competent and capable of

entering an informed plea, . . . he [was] aware of the nature of the charges and the consequences of his plea of guilty and . . . his plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Scott was sentenced to fifty-one months' imprisonment followed by three years of supervised release. He did not appeal.

In March 2011, the Tulsa World News published an article stating that Hickey and Khalil were named as unindicted co-conspirators in an indictment of Henderson and another officer. According to the article, Henderson is accused of stealing cash and drugs; Hickey and Khalil allegedly "relocated" evidence during a warrantless search in 2007. On March 28, 2011, Scott filed a habeas motion pursuant to 28 U.S.C. § 2255, asserting that if the prosecution had disclosed that Hickey and others "routinely manufactured evidence, and lied on the witness stand" that he "would probably have stood trial and been found not guilty." The district court denied Scott's § 2255 motion and denied his request for a COA.

## II

To appeal the district court's denial of § 2255 relief, Scott must obtain a COA. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Scott argues that relief is appropriate because the Government failed "to disclose its imputed knowledge of the police corruption." However, we agree with the district court that Scott's arguments are foreclosed by United States v. Ruiz, 536 U.S. 622 (2002). In Ruiz, the Court stated that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." Id. at 633. "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." Id. at 629. And the Court ruled that "impeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." Id. We are bound by the Supreme Court's ruling in Ruiz, and thus conclude the district court's ruling on this point is not reasonably debatable.[2]

Scott also contends that the district court erred in denying his motion without conducting an evidentiary hearing. An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion." United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). Because the district court appropriately

---

[2] In his brief, Scott also argues that his plea agreement is unenforceable. Because Scott did not raise this argument in his § 2255 motion before the district court, he has waived it. See O'Connor v. City & Cnty. of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).

determined that the record conclusively precludes relief, Scott has not shown an abuse of discretion.[3]

## III

For the foregoing reasons, Scott's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[3] Scott implies, apparently for the first time on appeal, that Hickey may have planted the evidence at issue in the suppression hearing. However, the record indicates that Scott represented he "has never denied that he had the firearm" and has "readily admitted he possessed the gun."