**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ESCRIBANO FAURE,

    Defendant - Appellant.

No. 16-6130
(D.C. Nos. 5:15-CV-01077-F and
5:14-CR-00049-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Miguel Escribano Faure, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

### A. *Plea Agreement and Hearing*

The Government charged Mr. Faure with violating 21 U.S.C. § 841(a)(1) by distributing a mixture or substance containing methamphetamine. The district court appointed counsel to represent Mr. Faure.

On February 10, 2014, Mr. Faure signed a plea agreement in which he "knowingly and voluntarily" waived his right to "[a]ppeal or collaterally challenge his guilty plea [and] sentence" and to "[a]ppeal [or] collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined." Dist. Ct. Doc. 27 at 6. The agreement stated, "By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms." *Id.* at 11.

The district court held a plea hearing on March 5, 2014. Mr. Faure stated that he understood he was under oath at the hearing. The court told Mr. Faure, "If I or anyone else should say or do anything here this morning that you do not fully understand or if at any time you have any questions, I want you to interrupt and ask me your question and we will go no further until I have fully answered your question." Dist. Ct. Doc. 84 at 3.

The court then asked Mr. Faure to look at the waiver provisions in the plea agreement, followed by this exchange:

> THE COURT: First of all, you're waiving your right to appeal or challenge in any other way your guilty plea and your conviction and any rulings made by the Court. Secondly, you're giving up or waiving your right to appeal or challenge in any other way the sentence imposed by the Court and the manner in which the sentence is determined as long as that sentence is within or below the advisory guideline range applied by the Court in this case. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

*Id.* at 15.  When the court asked whether Mr. Faure had any questions about the waivers, he responded, "No, sir."  *Id.* at 16.  When the court asked whether Mr. Faure "agree[d] with these waivers," Mr. Faure answered, "Yes, Your Honor."  *Id.*

## B.  *Sentencing*

After the plea hearing but before sentencing, the district court granted Mr. Faure's request to appoint substitute counsel.  At the sentencing hearings, new counsel objected to various enhancements and cross-examined the Government's witnesses.

The district court concluded the total offense level was 39 and that the United States Sentencing Guidelines range was 360 to 480 months in prison.   It imposed a sentence of 360 months.

## C.  *Section 2255 Motion*

Mr. Faure filed a § 2255 motion with the district court, arguing his attorneys rendered ineffective assistance of counsel by (1) representing him despite a conflict of interest, (2) failing to investigate "the facts and law" and advise Mr. Faure about potential sentence enhancements, ROA, Vol. I at 30, (3) failing "to interview and call rebuttal witnesses at sentencing," *id.* at 32 (capitalization altered), and (4) "failing to properly explain the waivers in the plea agreement," *id.* at 33 (capitalization altered).

Mr. Faure also moved for an evidentiary hearing, urging the court to hear testimony from four witnesses who submitted affidavits and declarations in his support.

He asserted the affidavits and declarations would show that the Government's witnesses at the sentencing hearing testified falsely.

Mr. Faure submitted his own affidavit that stated:

> 4. At no time did [counsel] ever explain to me that I could not file a 2255 motion as part of my plea agreement. In fact, he stated that I could appeal certain sentencing issues and raise ineffective assistance of counsel.
>
> 5. I did not even know what a 2255 motion was at that time, nor, did I know what collateral challenges were. He never explained to me what they were. He just said sign right there, you can file a 2255 and certain appeal issues on sentencing.

*Id.* at 41-42.

The district court rejected Mr. Faure's arguments and denied the § 2255 motion, the request for an evidentiary hearing, and a COA.

## II.  **DISCUSSION**

### A.  *Standard of Review*

Mr. Faure may not appeal the district court's denial of his § 2255 application without a COA.  28 U.S.C. § 2253(c)(1)(B).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

B. *Analysis*

Mr. Faure argues (1) he did not knowingly and voluntarily waive his right to collaterally attack his sentence, (2) his counsel rendered ineffective assistance of counsel, and (3) the district court abused its discretion in denying his motion for an evidentiary hearing. We deny a COA because reasonable jurists could not debate the district court's rejection of these arguments and the district court did not abuse its discretion in denying the request for an evidentiary hearing.

1. **Validity of Waiver**

In his plea agreement, Mr. Faure waived his right to collaterally attack his guilty plea and sentence. He now contends he should not be bound by the waiver because counsel failed to adequately explain the terms of the plea agreement and the Government attempted to deceive him by using the term "collateral challenge" in the agreement. Aplt. Br. at 9. His affidavit states that he did not know what a collateral attack was at the time of the plea, counsel did not explain the collateral attack waiver, and counsel told him that he "can file a 2255 and certain appeal issues on sentencing." ROA, Vol. I at 41-42.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Mr. Faure argues he can bring a collateral attack because he did not knowingly and voluntarily waive the right.

When considering whether a defendant knowingly and voluntarily waived the right to bring a collateral attack, (1) "we examine whether the language of the plea

agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). "The [criminal] defendant bears the burden to demonstrate that her waiver was not knowing and voluntary." *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007).

The language of the plea agreement and the colloquy indicate that Mr. Faure knowingly and voluntarily waived his right to collaterally attack his sentence. Mr. Faure signed a plea agreement that said he "knowingly and voluntarily" waived his right to "collaterally challenge" his sentence. Dist. Ct. Doc. 27 at 6. The agreement stated that Mr. Faure "acknowledges that he has discussed [the agreement's] terms with his attorney and understands and accepts those terms." *Id.* at 11.

At the plea hearing, the district court gave him an opportunity—and encouragement to interrupt the colloquy—to ask questions about anything he did "not fully understand." Dist. Ct. Doc. 84 at 3. Mr. Faure stated under oath that he understood he was "waiving most of [his] appeal rights" and "giving up or waiving [his] right to appeal or challenge in any other way the sentence imposed by the Court and the manner in which the sentence is determined." *Id.* at 14-15. Those "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mr. Faure's post hoc, self-serving affidavit does not sway our analysis that "looks primarily" to the agreement and the colloquy. *Smith*, 500 F.3d at 1210.

On this point, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 475.

## 2. **Ineffective Assistance of Counsel**

Mr. Faure argues his counsel rendered ineffective assistance in two ways. First, he argues counsel represented him despite a conflict of interest and "refused to perform basic defense functions" like interviewing and subpoenaing favorable witnesses that would "counter the lies government counsel pursued to increase [the] sentence." Aplt. Br. at 12.

Second, he contends counsel failed to "investigate the government's case or interview any of petitioner's witnesses, or offer any objections to [the] additional guideline enhancements Mr. Faure did not agree to, outside the plea agreement." *Id.* at 14. He argues that the district court would have rejected the Government's proposed enhancements if his attorneys would have called "petitioner's witnesses" to testify at the sentencing hearing and made "proper objections." *Id.* at 15-16.

Mr. Faure's waiver of his right to collaterally attack his sentence is "generally enforceable" unless the "§ 2255 petition [is] based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Cockerham*, 237 F.3d at 1183, 1187.

Here, Mr. Faure's ineffective assistance claims focus on his attorneys' alleged failures related to sentencing. He does not challenge "the validity of the plea or the

waiver." *Id.* at 1187. The district court's rejection of the claims is therefore beyond debate.

3. **Evidentiary Hearing**

Lastly, Mr. Faure argues the district court abused its discretion by denying an evidentiary hearing. Section 2255(b) directs district courts to hold evidentiary hearings "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion." *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).

Mr. Faure does not argue that an evidentiary hearing would have supported a challenge to the validity of the plea agreement or waiver. Although unclear, it appears that Mr. Faure contends the hearing would support the ineffective assistance of counsel challenge that he waived. The district court therefore did not abuse its discretion in determining the "record conclusively shows that Mr. Faure is not entitled to relief, and there is no need for an evidentiary hearing." ROA, Vol. I at 67.

### III. **CONCLUSION**

We deny Mr. Faure's application for a COA and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge