**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCAS MCGOWAN,

    Defendant - Appellant.

No. 18-3224
(D.C. Nos. 2:17-CV-02697-JAR &
2:15-CR-20007-JAR-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Marcas McGowan, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

McGowan pled guilty to kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and 1201(g), and discharging a firearm during a crime of violence in violation of § 924(c)(1)(A). In his written plea agreement, McGowan admitted that he took the five-year-old child of his girlfriend in his car. Following a lengthy police chase, McGowan crashed the car into a construction barricade. He

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exited the vehicle with a firearm pointed at the pursuing officers, and was shot when he refused to lower the firearm. Officers discovered the body of the child in the passenger seat, with a gunshot entry at the back of her head. They found no evidence of bullets entering the vehicle, and an investigation found in the car a bullet that had killed the child and concluded that bullet was fired by McGowan's firearm. The plea agreement recommended a sentence of life imprisonment, the statutory minimum, on the kidnapping charge.

At his plea hearing, McGowan attested that he had gone over the written plea agreement with counsel, understood the terms of the plea agreement, entered into the plea agreement willingly and absent coercion, recognized that he would likely receive a life sentence, and accepted as true the factual basis for the plea. McGowan also acknowledged that he waived various rights by entering a guilty plea. He was sentenced to life plus 120 months.

McGowan filed a § 2255 motion claiming his counsel was ineffective for advising him to plead guilty. The district court denied his § 2255 motion and declined to grant a COA. McGowan now requests a COA from this court.

**II**

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires McGowan to "show[] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

2

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

To prevail on an ineffective assistance claim, McGowan must demonstrate both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because McGowan is appearing pro se, we liberally construe his pleadings. United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).

McGowan argues that counsel was ineffective for failing to investigate his factual claims about the circumstances of the kidnapping. However, those claims are contradicted by the admissions McGowan made before the district court. McGowan counters that he did not knowingly and voluntarily accept the plea agreement because he disputed the underlying facts. In support of this assertion, McGowan notes that he conferred with counsel before admitting important facts at the plea hearing.

McGowan "fails to overcome the presumption he entered his plea knowingly." United States v. Sanchez-Leon, 764 F.3d 1248, 1259 (10th Cir. 2014). In the agreement itself and during the plea hearing, McGowan stated that he entered the plea agreement voluntarily and without pressure or coercion. McGowan acknowledged discussing the agreement with his attorney and stated that he was

3

satisfied with counsel's performance. As part of a thorough plea colloquy, McGowan also testified that he understood the facts underpinning the charges, and acknowledged that the government had evidence sufficient to prove the requisite factual allegations. These "solemn declarations made in open court carry a strong presumption of verity." Id. (quotation omitted). Although McGowan contends that counsel coerced him into pleading guilty by advising him that he could face the death penalty should he go to trial, "[a]dvice—even strong urging by counsel does not invalidate a guilty plea." Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002) (quotation omitted).

In his request for a COA, McGowan argues for the first time that counsel was ineffective for failing to investigate McGowan's performance of parental duties towards the kidnapped child because the statute contains an exception for parents.[1] See § 1201(a). "Because this claim was not presented to the district court, we decline to consider it on appeal . . . ." Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004). McGowan's claim is unavailing in any event. During the plea colloquy, McGowan admitted that he was "not a parent, grandparent, brother, sister, aunt, uncle, or individual having legal custody of the victim."

Finally, McGowan contends the district court should have held an evidentiary hearing. We review the denial of an evidentiary hearing for abuse of discretion.

---

[1] Although McGown briefly referenced his performance of such duties in his filings below, he did not argue that counsel was ineffective for failing to investigate these alleged facts.

4

United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). Because "the motion and the files and records of the case conclusively show that the prisoner is [not] entitled to . . . relief," a hearing was not required. § 2255(b).

## III

For the foregoing reasons, a COA is **DENIED** and the appeal is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge