FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIK BILAL KHAN,

    Defendant - Appellant.

No. 18-2099
(D.C. Nos. 2:17-CV-00744-RB &
2:12-CR-02901-RB-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **MORITZ**, and **EID**, Circuit Judges.
_____

After agreeing to plead guilty to four counts of child pornography in exchange for a 20-year prison sentence, Erik Khan filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied his motion. To appeal from that denial, he requires a certificate of appealability (COA). *See United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, 138 S. Ct. 2002 (2018). The district court denied a COA. Mr. Khan has renewed his application with this court. We now deny a COA and dismiss this proceeding.

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Khan initially was charged with one count each of receipt, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1) and 2256. He faced a statutory sentencing range of 5 to 20 years on the receipt and distribution counts, and a maximum of 10 years on the possession count. *See id.* § 2252(b). Mr. Khan claims that when he was arraigned he told his retained attorney he wanted to plead guilty immediately, but counsel told him he could not plead guilty at the arraignment.

The government later offered Mr. Khan a deal in which he would plead guilty in exchange for a 22-year sentence, but he rejected that offer. After he rejected the plea offer, the grand jury returned a superseding indictment that added a charge of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a). This additional charge carried a mandatory minimum sentence of 15 years and a maximum 30-year sentence.

In November 2013, Mr. Khan pled guilty to all four counts charged in the superseding indictment. As part of their amended plea agreement, Mr. Khan and the government stipulated to a sentence of 20 years' imprisonment, followed by lifetime supervised release. *See* Fed. R. Crim. P. 11(c)(1)(C) (authorizing parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case"). In the plea agreement, Mr. Khan waived his right to collaterally attack his convictions and sentence "except on the issue of defense counsel's ineffective assistance." R., Vol. 1 at 381 (internal quotation marks omitted).

Mr. Khan thereafter filed his § 2255 motion. Among other claims, he argued that his defense counsel had been ineffective (1) in interfering with his decision to enter an "open" plea (i.e., without an agreement with the government) to the initial three charges he faced at arraignment, and (2) by failing to adequately investigate the basis for filing a motion to suppress the evidence against him. The district court concluded he had failed to show prejudice from counsel's alleged interference with his decision to plead guilty. It further stated it had already considered and rejected Mr. Khan's claims for suppression of evidence in its decision denying reconsideration of his motion to suppress. It therefore denied relief on these claims, without conducting an evidentiary hearing on them.

## ANALYSIS

To obtain a COA, Mr. Khan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a district court has denied relief on procedural grounds, the petitioner must show that reasonable jurists could debate both (1) the validity of the constitutional claim and (2) the correctness of the district court's procedural ruling. *Id.*

Mr. Khan seeks a COA on three issues:

1. Was [he] deprived [of] the effective assistance of counsel where counsel interfered with his decision of whether or not to plead guilty at the arraignment?

3

2. Was [he] deprived [of] the effective assistance of counsel where counsel failed to investigate the law and facts surrounding a motion to suppress?

3. Did the District Court err in failing to hold an evidentiary hearing?

COA Appl. at 4.

### 1. Guilty Plea

We first consider Mr. Khan's argument that his counsel interfered with his decision to enter an "open" guilty plea at his arraignment. Ordinarily, a petitioner claiming ineffective assistance of counsel "must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." *Grant v. Royal*, 886 F.3d 874, 903 (10th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 925 (2019). But Mr. Khan argues he was not obliged to show prejudice, because his counsel's alleged error was not merely strategic but interfered with his objective for the representation in his case. *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018). Even assuming *McCoy* applies retroactively to this collateral proceeding, Mr. Khan has not made a debatable showing that its holding applies under the facts of his case.

In *McCoy*, a death-penalty case, "the defendant vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." *Id.* at 1505. Notwithstanding the defendant's insistence on his objective of asserting his innocence, his counsel told the jury during his trial that he was guilty of murdering the victims. *Id.* The Supreme Court reversed the denial of the defendant's new-trial motion,

4

holding that "it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt . . . or to maintain his innocence . . . ." *Id.* The Court further explained that *Strickland*'s prejudice requirement did not apply, because the constitutional violation of the defendant's right of autonomy "was complete when the [trial] court allowed counsel to usurp control of an issue within [the defendant's] sole prerogative," which represented a "structural" error, "not subject to harmless-error review." *Id.*

In *McCoy*, the defendant's disagreement with his counsel affected the object of the representation: whether the defendant should concede guilt. No such conflict is alleged here. Mr. Khan chose to plead guilty, his counsel worked toward that objective, and he ultimately pled guilty. The only disagreement alleged between Mr. Khan and his counsel involved the timing of the guilty plea. Mr. Khan fails to show that it is reasonably debatable whether this alleged error was structural under *McCoy* and thus exempt from *Strickland*'s prejudice requirement. *Cf. United States v. Rosemond*, 322 F. Supp. 3d 482, 486 (S.D.N.Y. 2018) (finding no violation of *McCoy* based on counsel's concession that the defendant directed a shooting, where both the defendant and his counsel maintained his innocence "but disagreed about the best course to attempt to avoid conviction"). We will therefore consider the alleged error using the *Strickland* test, including its prejudice component, not *McCoy*.

The district court determined that Mr. Khan failed to satisfy *Strickland*'s prejudice prong, for two reasons. First, if he had entered an open plea at the arraignment the government would have been free to continue to investigate him and to prosecute him

5

separately for attempted production of child pornography. Second, even if the government did not separately charge him with attempted production, there was not a substantial likelihood that by pleading guilty at arraignment Mr. Khan would have received a lower sentence than the 20 years he ultimately agreed to.

The first of these rationales justifies denial of a COA. As the district court stated, had Mr. Khan entered into an open plea, without an agreement to forgo additional charges the government could have sought to separately indict him on the production charge. Mr. Khan argues this possibility should be ignored when determining whether he was prejudiced by his counsel's alleged ineffectiveness. He contends prejudice should be determined solely by comparing the charges for which he was originally indicted to the charges to which he ultimately pled guilty. We disagree. The cases Mr. Khan cites concerning prejudice, COA Appl. at 9-10, do not concern counsel's failure to sponsor an open plea and we do not find them persuasive on this issue. In analyzing Mr. Khan's ineffective-assistance claim, it would be improper to turn a blind eye to the fact that without a binding plea agreement the government would have been free to bring additional charges. *Cf., e.g.*, *United States v. Jones*, 832 F. Supp. 2d 519, 529-30 (E.D. Pa. 2011) (counsel was not ineffective in failing to object to additional charges the government brought, where no formal plea agreement had been signed by the time of the superseding indictment).

Mr. Khan also argues that it is *unlikely* the government would have separately indicted him for the attempted production count if he had entered an "open" plea. His

6

argument rests on speculation.[1]  To establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011).  "Mere speculation is not sufficient" to satisfy a petitioner's burden.  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

In the plea agreement, Mr. Khan admitted that the attempted production count—unlike the other counts he had been charged with—involved communication with and solicitation of an individual victim.  The alleged likelihood that he would never have been charged with that count had he pled guilty to the other three counts is insufficient to debatably establish prejudice under the *Strickland* test.  We therefore deny a COA concerning this claim.

### 2. Motion to Suppress

Mr. Khan next challenges counsel's failure to investigate the facts and law surrounding his motion to suppress.  In 2013, his counsel filed a motion to suppress all evidence obtained as the result of a search warrant for his home.  The district court held an evidentiary hearing on the motion and denied it.  Two years later, after Mr. Khan had entered his guilty plea, his new counsel filed a motion seeking reconsideration of the denial of his motion to suppress.  The motion to reconsider included an argument that

---

[1]  Mr. Khan cites what he claims is evidence that the government would have been willing to forgo any further charges if he pled guilty.  *See* R., Vol. I at 240, 334-35.  But this evidence, consisting of emails from a prosecutor to Mr. Khan's counsel, concerns their negotiations surrounding a formal plea agreement.  It does not reveal the government's position concerning an open plea without any plea agreement.

previous counsel had been ineffective in failing to properly investigate the motion to suppress.

The district court denied the motion. Citing *Strickland*, it found that Mr. Khan had failed to show that his previous counsel's handling of the motion to suppress had been deficient or that he had suffered any prejudice. Although the district court noted that ineffective-assistance claims should normally be brought in collateral proceedings, it analyzed the claim under both prongs of *Strickland*, finding neither of them satisfied. Having done so, at the end of its decision it returned to the theme of collateral proceedings, stating that the facts were far from fully developed, there was insufficient evidence to determine the trial strategy of Mr. Khan's counsel, and for this reason the ineffective-assistance claims would be more appropriately considered in collateral proceedings. But when Mr. Khan accepted the district court's invitation and raised the issue in his § 2255 motion, the district court stated that it had already addressed the issue in denying his motion for reconsideration. Mr. Khan argues that the district court erred by refusing to further analyze his ineffective-assistance claim in § 2255 proceedings, after previously stating the claim would be more appropriately addressed through those proceedings.

Although the district court's order denying reconsideration may have been somewhat ambiguous, Mr. Khan fails to show that the district court's later reliance on that order to deny this § 2255 claim is debatable. As the district court stated in its order denying the § 2255 motion:

8

> [I]n considering the motion for reconsideration, the Court considered the merits of the arguments raised in that motion and found that Petitioner's counsel's performance was not deficient and that Petitioner was not prejudiced by counsel's performance relating to the motion to suppress. Specifically, the Court held that the strategies Petitioner's counsel used in pursuing the motion to suppress were within the range of professionally competent assistance, and that even if the Court had found the search warrant to be invalid, the good-faith exception would still have protected the evidence from exclusion.

R., Vol. I at 395 (citation omitted).

Although Mr. Khan makes generalized assertions that the district court's reasoning was erroneous, *see* COA Appl. at 13-14 (decrying "a number of troubling facts" uncovered by his new counsel and old counsel's failure "to investigate the law and facts surrounding the litigation"), and enumerates various arguments made in the motion for reconsideration, *id.* at 12, he fails to develop an adequate argument that the district court's resolution of this claim was debatable. Specifically, he fails to explain why the good-faith exception would not have permitted admission of the evidence, thereby preventing him from showing prejudice under *Strickland* as to this claim. Although we construe his pro se pleadings liberally, we will not serve as his advocate by making his arguments for him. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013). He fails to show this issue warrants a COA.

### 3. Evidentiary Hearing

Mr. Khan also challenges the district court's failure to provide him with an evidentiary hearing. We review the denial of an evidentiary hearing for abuse of discretion. *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). A hearing was not required here because "the motion and the files and records of the case

9

conclusively show that the prisoner is entitled to no relief" on his claims. 28 U.S.C. § 2255(b).

## CONCLUSION

We deny a COA and dismiss this proceeding. We note that Mr. Khan has filed a motion to proceed in forma pauperis (IFP). The district court previously granted him IFP to proceed on appeal. But in its order, the district court referenced and applied provisions of the Prison Litigation Reform Act, which does not apply to § 2255 actions. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). We therefore modify the district court's order to simply grant IFP.

Entered for the Court

Allison H. Eid
Circuit Judge

10