# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Keith Ray H.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0186** (Kanawha County 17-P-376)

**Tom Harlan, Interim Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Ray H., by counsel Charles R. Hamilton, appeals the Circuit Court of Kanawha County's February 5, 2019, order denying his petition for a writ of habeas corpus.[1] Respondent Tom Harlan, Interim Superintendent of the Huttonsville Correctional Center, by counsel Scott E. Johnson, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the habeas court erred in finding that his trial counsel was not ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, the grandchildren of petitioner's girlfriend reported that petitioner had been sexually abusing them. Both D.R. and B.R., then eleven and thirteen years old, respectively, were interviewed at the local Child Advocacy Center. Both children made numerous disclosures, including that petitioner touched B.R.'s vagina, put his mouth on her vagina, and licked her vagina, and that petitioner frequently tried to play with D.R.'s penis. During the ongoing investigation, petitioner agreed to present to the police station for questioning. Petitioner drove his own car to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the station and was told numerous times that he was free to leave at any time. Petitioner eventually made "various . . . [s]exual related admissions" and was subsequently arrested.

By correspondence dated November 20, 2011, the State offered petitioner a plea agreement. The agreement provided that petitioner would waive his right to be indicted by a grand jury and proceed to plead guilty by way of information to one count of second-degree sexual assault and one count of first-degree sexual abuse. In exchange for petitioner's plea, the State would agree to refrain from pursuing additional charges against petitioner. The State reserved the right to recommend consecutive sentences. On December 13, 2011, petitioner signed the plea agreement.

The trial court held a plea hearing on January 20, 2012. During the plea colloquy, the trial court ascertained that petitioner knew the sentences he was facing and that he would be subject to extended supervision upon his release:

[Trial court:] So if I were to order such a penalty, as far as the maximum incarceration, and run them consecutive, you would have to serve at least 15 years in a state correctional facility before you could be released for any further supervision, and then even that would be under some supervised conditions.

[Petitioner:] Yes, Your Honor. I understand.

The trial court again questioned petitioner's counsel about this information:

[Trial court:] All right. Now, further, Mr. Schles, what have you explained to your client as far as any additional supervision and the requirement to register?

[Trial counsel:] I've explained to him that under the laws of West Virginia, he is subject to intensive lifetime supervision upon his release.

Ultimately, petitioner pled guilty to both counts in the information.

In March of 2012, the trial court held a sentencing hearing. Counsel for petitioner argued for the imposition of concurrent, rather than consecutive, sentences. The trial court sentenced petitioner to ten to twenty-five years of incarceration for the count of second-degree sexual assault and five to twenty-five years of incarceration for the count of first-degree sexual abuse, to be served consecutively. The circuit court also imposed a twenty-year period of extended supervision. Petitioner did not file a direct appeal with this Court.

Thereafter, petitioner, without representation, filed a petition for a writ of habeas corpus in October of 2017. Petitioner was appointed counsel and filed an amended petition for a writ of habeas corpus in June of 2019. Relevant to this appeal, petitioner argued that his trial counsel provided ineffective assistance. Specifically, petitioner claimed that his counsel failed to advise

2

him about the extended supervision requirement, proffered the wrong length of time for extended supervision during the plea hearing, failed to file an appeal or a motion for reconsideration, and rushed and/or coerced him into accepting the plea without properly investigating the case or explaining the admissibility of the evidence in the case.

The habeas court held an omnibus hearing in November of 2018 wherein petitioner was permitted to testify and present evidence in support of his claims. Petitioner's trial counsel testified that he did, in fact, advise petitioner of the extended supervision requirement. Further, trial counsel testified that, at the plea hearing, he stated that petitioner was subject to "intensive lifetime supervision" because of petitioner's advanced age of seventy-one years. Trial counsel noted that petitioner had pled guilty to two very serious offenses and he anticipated that the trial court would order the sentences to run consecutively. He stated that he "was speaking as a practical matter [when he said] that [petitioner] was going to be on supervision for the rest of his life."

Petitioner's trial counsel also testified regarding the strength of the State's case against petitioner and the admissibility of petitioner's confession to police officers. Trial counsel stated that petitioner "gave a long detailed statement, which included statements directly incriminating him in the two offenses to which he pleaded guilty" and that "there was no viable argument that [petitioner] was in custody at the time he gave the statement, nor that the statements were involuntary." Trial counsel also testified that he advised petitioner of his appellate rights, including that he could hire him to file an appeal for petitioner, hire other counsel, or file an appeal on his own. Further, trial counsel said he did not file a motion for reconsideration because no grounds for such a motion existed.

The habeas court denied petitioner's amended petition for a writ of habeas corpus. After setting forth the applicable law, the habeas court found that, where the testimony of petitioner and his trial counsel conflicted, trial counsel's testimony was more credible based upon his and petitioner's respective demeanors, petitioner's self-interest in the outcome of the proceedings, and the irreconcilable conflict between petitioner's testimony and the transcript of the plea hearing. Specifically, the habeas court found that petitioner's trial counsel affirmatively stated at the plea hearing that he had advised petitioner of the requirements of both the sexual offender registration and extended supervision. Petitioner agreed that his counsel had discussed these issues with him. Moreover, petitioner did not object or question the trial court when extended supervision was included in his sentence. To the extent petitioner claimed prejudice regarding his trial counsel's proffer that petitioner would be subject to "lifetime" supervision, the habeas court noted that petitioner "was perfectly willing to plead guilty under the belief that he would be subject to lifetime supervision" and that "[t]he fact that the period of supervision was only twenty years inures to his benefit." Accordingly, the circuit court found that petitioner was not prejudiced by counsel's statement.

The habeas court also found that, in his petition, petitioner mentioned only in passing that trial counsel did not file an appeal or a motion for reduction of sentence. The habeas court noted that petitioner did not argue any prejudice as a result of these alleged failures, nor did he demonstrate any prejudice at the omnibus hearing. Nevertheless, the habeas court noted that trial counsel had, in fact, properly informed petitioner of his right to appeal. Lastly, the habeas court found that petitioner's claims that trial counsel "rushed" him into taking the plea and failed to

investigate the admissibility of his statements were without merit. Petitioner signed the plea agreement nearly one month after receiving it, and his plea hearing was not held for another month after that. At the plea hearing, petitioner denied that he had been coerced in any way and voluntarily entered into the plea. The habeas court also found that petitioner waived his right to raise any issue with the admissibility of evidence when he pled guilty. Even so, the habeas court explained that trial counsel testified at the omnibus hearing that he saw no grounds upon which to attack petitioner's voluntary statements, but would have filed a motion to suppress if petitioner had chosen to proceed with trial. As such, the habeas court determined that petitioner failed to prove that his counsel had been ineffective. Petitioner appeals the February 5, 2019, order denying his petition for a writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the habeas court abused its discretion in determining that his trial counsel was not ineffective. First, petitioner claims that his trial counsel failed to investigate his case, thereby coercing him into pleading guilty. Petitioner contends that his counsel coerced him into pleading guilty by informing him that a "quick information plea was [his] only option" and by rushing the plea process. Petitioner argues that if his counsel had taken more time to look into the case, he could have argued that petitioner's statements to police officers were inadmissible. Further, petitioner argues that his counsel did not interview his victims or their family. Second, petitioner claims that his counsel was ineffective for failing to inform him of the extended supervision he faced by pleading guilty. Petitioner claims that his counsel wrongfully proffered to the trial court that he had explained the requirements of extended supervision to petitioner and further notes that extended supervision was not included in the plea agreement. Petitioner also takes issue with his counsel's proffer to the trial court at the plea hearing that petitioner was subject to "lifetime" supervision. Third, petitioner claims his counsel was ineffective for failing to advise him that a sexual offender psychiatric evaluation would be necessary to receive alternative sentencing such as probation. Lastly, petitioner contends that his trial counsel was ineffective for failing to advise him of his appellate rights and for failing to file a motion for reduction of sentence. Petitioner concludes that he has met the requirements to show ineffective assistance of counsel and avers that the habeas court's findings to the contrary are erroneous. We find that petitioner is entitled to no relief in this regard.

We have previously held that

[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). The *Strickland* test also applies to a conviction based upon a defendant's guilty plea. *See Hill v. Lockhart*, 474 U.S. 52 (1985). Regarding the second prong of *Strickland* in cases involving plea agreements, the test

focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59.

At the outset, we note that petitioner has attempted to raise an issue with this Court that was not presented to the habeas court below—that trial counsel failed to advise petitioner that a psychiatric evaluation was necessary to receive probation. Petitioner's petition lacks any language asserting this claim, and petitioner cites to no portion of the record demonstrating that he alerted the habeas court to his claim at the omnibus hearing. We have previously held that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we decline to address this issue on appeal.

We now turn to petitioner's remaining claims of ineffective assistance of counsel. In looking at the first prong of the *Strickland/Miller* test, we cannot find that petitioner's trial counsel's assistance was deficient under an objective standard of reasonableness. Although petitioner claims that his counsel was ineffective for failing to advise him of his appellate rights, his petition was woefully inadequate in providing either facts or relevant law to support his contention. The extent of his argument below was that "trial counsel did not file an appeal to the West Virginia Court Supreme of Appeals. [Petitioner's] trial counsel informed [petitioner] it would cost $12,000 to file an appeal. No motion for consideration was filed." Despite finding that petitioner failed to adequately address this issue in his petition, the habeas court nevertheless addressed his claim, finding that trial counsel did, in fact, advise petitioner of his appellate rights. Specifically, petitioner's trial counsel testified at the omnibus hearing that he informed petitioner that he had a right to appeal and that petitioner could hire him, hire another attorney, or request appointed counsel in seeking a direct appeal. Trial counsel also testified that there were no grounds

5

to file a motion for reduction of sentence. To the extent petitioner argues that the circuit court erroneously found that trial counsel's testimony was more credible than his own, we have consistently held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Accordingly, we decline to disturb the habeas court's credibility determination in this matter and agree with the habeas court's conclusion that petitioner was properly informed of his appellate rights, but simply chose not to proceed with a direct appeal. Therefore, petitioner has failed to satisfy either prong of *Strickland/Miller* as it relates to this specific claim.

Petitioner likewise fails to establish that his counsel inadequately investigated his case and coerced him into pleading guilty. Petitioner completely fails to state what evidence his trial counsel would have uncovered if he had spoken to the victims and their family and, therefore, does not satisfy either prong of *Strickland/Miller*. Further, there is no evidence to support petitioner's contention that his trial counsel should have raised the admissibility of his statements. The record is clear that petitioner arrived at the police station of his own volition and was informed several times that he was free to leave, but continued speaking to officers, ultimately confessing to the two incidents charged in the information. Although petitioner contends his statements were taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), we have previously explained that "the *Miranda* right to counsel has no applicability outside the context of custodial interrogation," that "until the defendant [is] taken into custody, any effort on his part to invoke his *Miranda* rights [is], legally speaking, an empty gesture," and that "the 'window of opportunity' for the assertion of *Miranda* rights comes into existence only when that right is available." *State v. Bradshaw*, 193 W. Va. 519, 530, 457 S.E.2d 456, 467 (1995). The evidence is clear that petitioner was not in custody when he gave his statements to police officers and, therefore, his *Miranda* rights had not attached. Accordingly, petitioner cannot establish that his trial counsel was deficient for refraining from raising an issue with the admissibility of his statements. Further, there is no indication that petitioner's counsel "rushed" him into accepting the plea. As the circuit court noted, petitioner signed the plea agreement one month after it was offered, and the plea hearing was held one month after petitioner signed the plea agreement. During the plea colloquy, petitioner acknowledged that his plea was knowing and voluntary. Therefore, there is no indication that petitioner's trial counsel's actions fell below an objective standard of reasonableness with regard to the plea process.

Here, petitioner's self-serving statements that, but for trial counsel's alleged errors, he would not have pled guilty, are insufficient to establish prejudice. Indeed, a "defendant's mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether defendant would have proceeded to trial." *Lloyd v. Terry*, No. 16-1166, 2018 WL 1319187, at *8 (W. Va. Mar. 14, 2018)(memorandum decision) (quoting *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002)). Petitioner's counsel's testimony at the omnibus hearing provided clear, reasonable explanations for his actions of seeking a plea deal for petitioner from the beginning. His trial counsel testified at the omnibus hearing that petitioner "gave a long detailed statement, which included statements directly incriminating him in the two offenses to which he pleaded guilty," both of which were serious charges. Accordingly,

we find that petitioner's statements that he would have proceeded to trial are without merit given the strength of the case against him. Based on the foregoing, there is no evidence lending itself to the idea that trial counsel's actions were somehow defective under an objective standard of reasonableness or that but for trial counsel's alleged errors, petitioner would have insisted in proceeding to trial. *See Miller*, 194 W. Va. at 6, 459 S.E.2d 117, syl. pt. 5. Therefore, we find that petitioner has failed to establish that his trial counsel was ineffective with regard to his claims that his trial counsel coerced him into pleading guilty by rushing the plea process and failing to investigate the case.

Lastly, we find that petitioner failed to establish that his trial counsel was ineffective for allegedly failing to inform petitioner regarding the requirements of extended supervision. Petitioner's entire argument regarding this claim is essentially based upon his disagreement with the habeas court's assessment that trial counsel's testimony was more credible than petitioner's. As noted above, we will not disturb credibility determinations in situations such as this. In any event, the record at the plea hearing clearly establishes that the trial court and trial counsel advised petitioner of the requirements of extended supervision:

> [Trial court:]      So if I were to order such a penalty, as far as the maximum incarceration, and run them consecutive, you would have to serve at least 15 years in a state correctional facility before you could be released for any further supervision, and then even that would be under some supervised conditions.
>
> [Petitioner:]      Yes, Your Honor. I understand.

Trial counsel also proffered on the record that he had explained to petitioner that he would be subject to "lifetime supervision" upon his release. It is clear that petitioner indicated to the trial court that he understood his release would be subject to supervision. To the extent petitioner contends that his counsel misinformed him that he would be subject to "lifetime" supervision, the habeas court found that he established no prejudice as he was sentenced to only twenty years of extended supervision, which inures to his benefit. Further, petitioner's counsel explained that he described the extended supervision requirement as "lifetime" given petitioner's advanced age of seventy-one as of the plea hearing. Trial counsel noted that "practically speaking," petitioner would be subject to extended supervision for the remainder of his life. Once again, the evidence is simply insufficient to support a claim that petitioner's trial counsel's actions were deficient under an objective standard of reasonableness and that petitioner would have insisted on going to trial if not for trial counsel's alleged mistakes. Therefore, we find that petitioner failed to satisfy either prong of *Strickland/Miller*, and his entire assignment of error regarding ineffective assistance of counsel fails. Accordingly, we find no error.

For the foregoing reasons, we affirm the circuit court's February 5, 2019, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 6, 2020

7

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison