**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLEN WAYNE SEAMSTER,

    Defendant - Appellant.

No. 22-4003
(D.C. Nos. 1:21-CV-00093-DBB &
1:20-CR-00015-DBB-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Allen Wayne Seamster pleaded guilty to one count of unlawful receipt of a firearm

which was not registered, in violation of 26 U.S.C. § 5861(d), in exchange for the

Government dismissing charges of felon in possession of firearms and possession of

methamphetamine. The district court imposed a sentence of 18 months' imprisonment,

followed by 2 years' supervised release. Mr. Seamster, proceeding pro se,[1] filed a 28

U.S.C. § 2255 motion challenging his conviction, arguing counsel rendered ineffective

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Seamster proceeds pro se, the standard that "we liberally construe his filings" applies. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). We, however, observe Mr. Seamster ably and clearly presented his arguments.

assistance when advising him to plead guilty and by not filing a notice of appeal. The

district court denied the motion and denied a certificate of appealability ("COA").

Concluding Mr. Seamster has not satisfied the deficient performance prong on either of

his ineffective assistance of counsel claims, we deny a COA and dismiss this matter.

## I.    BACKGROUND

In November 2019, authorities with the Department of Homeland Security

investigated the shipment of a firearm suppressor from China to the United States,

obtaining a search warrant for Mr. Seamster's home because he was the consignee listed

on the package. Execution of the search warrant and of consent-based searches of

outbuildings and vehicles on Mr. Seamster's property resulted in the seizure of the

suppressor, as well as a National Ordnance 1903A3 .30-06 caliber rifle, a Savage Arms

93R17 .17 caliber rifle, and approximately ten grams of methamphetamine. The

suppressor was not registered. And, at the time of the search, Mr. Seamster had a prior

felony conviction prohibiting him from possessing a firearm.

Through a three-count indictment, a grand jury charged Mr. Seamster with felon in

possession of firearms, in violation of 18 U.S.C. § 922(g)(1); possession of an

unregistered silencer, in violation of 26 U.S.C. § 5861(d); and possession of

methamphetamine, in violation of 21 U.S.C. § 844(a). In accord with the advice of

counsel, Mr. Seamster agreed to plead guilty to the possession of an unregistered silencer

charge in exchange for the Government dismissing the other two charges. When pleading

guilty, Mr. Seamster admitted he (1) "purchased multiple silencers online, although [he]

only received one"; (2) "knew the characteristics and purpose of the silencer made it

registrable under the National Firearms Registration and Transfer Record but that it was not registered to [him]"; (3) "used the silencer and that it was in operating condition"; and (4) knew "the silencer is a firearm under 26 USC Section 5845(a)(7) and that [his] conduct violated 26 USC 5861(d)." ROA Vol. 1 at 57; *see also id.* at 25–26. While entering his guilty plea, Mr. Seamster also advised the court that he had adequate opportunity to confer with counsel and counsel advised him about the plea agreement. The plea agreement obligated the Government to recommend a sentence at the low end of the calculated Sentencing Guidelines range, and the parties contemplated that the low end of the range would be around 18 months.

A Presentence Investigation Report ("PSR") advanced a Sentencing Guidelines range of 24 to 30 months. The district court adopted the PSR without objection. In his allocution, Mr. Seamster admitted the firearms were on his property and the methamphetamine belonged to him. The district court imposed a below-Guidelines sentence of 18 months' imprisonment. Mr. Seamster did not file an appeal.

Eight months after sentencing, Mr. Seamster commenced the current proceeding by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] Through his § 2255 motion, Mr. Seamster argued counsel provided ineffective assistance by not (1) investigating whether the suppressor was a silencer that needed to be

---

[2] Although Mr. Seamster has now completed his term of imprisonment, by virtue of still serving supervised release, he remains "in custody" for purposes of being able to pursue § 2255 relief. *See United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (concluding individual on supervised release at time he files § 2255 motion is "in custody" and may pursue relief).

registered; (2) filing pretrial motions, including a motion to suppress; (3) negotiating a more favorable plea agreement; and (4) filing a notice of appeal.[3] The Government filed a response, with an affidavit from counsel attached. Counsel averred that while he conducted some research on whether the suppresser was a silencer that needed to be registered, he did not believe he could obtain dismissal of the charge and thought it beneficial to focus the plea agreement on the unregistered silencer charge because doing so permitted for the dismissal of the methamphetamine charge and the felon in possession of firearms charge. Counsel believed, in the context of sentencing, the methamphetamine and firearms charges were the more serious charges so there was an advantage to Mr. Seamster pleading guilty to the unregistered silencer charge. Counsel also expressed concern that if he pursued dismissal of the unregistered silencer charge, the prosecutor might be less willing to offer Mr. Seamster a favorable plea agreement. Mr. Seamster filed a reply and a declaration regarding his notice of appeal issue, in which he admitted counsel discussed the probability of success if he pursued an appeal.

---

[3] Although in his § 2255 motion, as part of his second and third claims, Mr. Seamster's pre-plea ineffective assistance of counsel claims presented arguments about more than the suppressor/silencer, he focuses his arguments in his application for a COA on counsel's (1) investigation of the suppressor and how dismissal of the unregistered silencer charge might have benefited his position and (2) failure to file a notice of appeal. Accordingly, we confine our discussion to these two matters. *See United States v. McIntosh*, 723 F. App'x 613, 615 (10th Cir. 2018) (unpublished) (declining to consider arguments raised in a § 2255 motion when the appellant made "no substantive arguments concerning [those] rulings" in his COA application and opening brief); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

The district court denied Mr. Seamster's § 2255 motion, holding Mr. Seamster did not establish deficient performance on any of his claims of ineffective assistance of counsel. The court concluded counsel had a strategic basis for not further investigating whether the suppressor was a silencer that needed to be registered in that counsel reasonably believed a conviction for possession of an unregistered silencer was more favorable at sentencing than a methamphetamine conviction and/or a felon in possession conviction. The court also concluded counsel discussed the possibility of an appeal with Mr. Seamster, and Mr. Seamster did not ask counsel to file a notice of appeal. Mr. Seamster requests a COA from this court.

## II.    DISCUSSION

We start by stating the standard governing the issuance of a COA. Then we discuss the ineffective assistance of counsel claims raised by Mr. Seamster in his application for a COA.

### A.    COA Standard

To appeal a district court's denial of a § 2255 motion, a federal prisoner must first obtain a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court's denial of the § 2255 motion is on the merits, "a prisoner satisfies this burden by 'demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"

5

*United States v. Bedford*, 628 F.3d 1232, 1234 (10th Cir. 2010) (brackets omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### B.   Ineffective Assistance of Counsel Claims

To advance a claim of ineffective assistance of counsel, Mr. Seamster "must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced thereby," which entails demonstrating a "reasonable probability" of a more favorable outcome absent counsel's deficient performance. *United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005). Regarding the deficient performance prong, "we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

### 1.   Pre-Plea Investigation of Suppressor

Mr. Seamster contends counsel provided ineffective assistance by not adequately investigating whether the suppressor was a silencer that could be attached to a firearm and needed to be registered for purposes of 26 U.S.C. § 5861(d). Mr. Seamster further contends that had counsel investigated the matter and retained an expert, counsel would have learned the suppressor was a "toy barrel suppressor for toy guns" and had never been used on a firearm. Opening Br. at 14. This, Mr. Seamster argues, would have given counsel a basis for moving to dismiss the unregistered silencer charge.

As part of his representation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations

6

unnecessary." *Strickland*, 466 U.S. at 691. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691.

Mr. Seamster fails to demonstrate that the district court's rejection of this claim of ineffective assistance of counsel is debatable or wrong. Counsel for Mr. Seamster acknowledges he could have "dug deeper into whether the 'toy barrel suppressor' was a silencer." ROA Vol. 2 at 74. But, after determining it was not obvious that the suppressor did not qualify as a silencer that needed to be registered, counsel made a strategic decision not to investigate the matter further because, in his professional judgment, pleading to the unregistered silencer charge in exchange for dismissal of the other charges would benefit Mr. Seamster at sentencing. Meanwhile, as counsel noted in his declaration, investigating the issue further might have (1) resulted in the elimination of a factual basis for a guilty plea to the unregistered silencer charge, leaving Mr. Seamster exposed to having to plead guilty to or being convicted on the methamphetamine charge and/or the firearms charge,[4] and (2) jeopardized the prosecutor's willingness to offer a

---

[4] Neither in his § 2255 motion to the district court nor in his COA application to us does Mr. Seamster offer a plausible defense to the firearms charge or the methamphetamine charge. In fact, at sentencing, Mr. Seamster admitted the methamphetamine was his and that the firearms were on his property and he had access to them. Further, as counsel foresaw, the unregistered silencer charge was at least less

favorable plea agreement. Additionally, counsel was able to argue at sentencing that the potential "toy" nature of the suppressor mitigated the offense. And where the district court imposed a below-Guidelines sentence of 18 months, it appears counsel's strategy proved effective. Thus, given the totality of the circumstances, it was reasonable for counsel to not further investigate whether the suppressor was a silencer that needed to be registered. Accordingly, Mr. Seamster has not presented an argument causing debate regarding the district court's conclusion that counsel did not perform deficiently.[5] Therefore, Mr. Seamster has not made a substantial showing of the denial of a constitutional right, and we deny a COA on this issue.

## 2.    Notice of Appeal

Mr. Seamster contends counsel provided ineffective assistance of counsel relative to pursuing an appeal. In some circumstances, counsel has a duty to "consult" with his client regarding filing an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *United States v. Herring*, 935 F.3d 1102, 1108 (10th Cir. 2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). This duty exists "when there

---

serious than the methamphetamine charge in that a conviction on the methamphetamine charge would have carried a higher Guidelines range.

[5] In passing, Mr. Seamster, in his application for a COA, contends he pleaded guilty to the unregistered silencer charge only because counsel advised him that he would receive a probation sentence. But nothing in the record supports the proposition that either side anticipated a Sentencing Guidelines range of probation. And even if the record did support this proposition, at the plea hearing, the court advised Mr. Seamster that his actual sentence might exceed the Guidelines range and that such would not be a valid basis for withdrawing his guilty plea.

is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). In considering whether either of these circumstances existed, relevant factors include "whether the conviction follows a trial or a guilty plea," "whether the defendant received the sentence bargained for as part of the plea," and "whether the plea expressly reserved or waived some or all appeal rights." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). "Once the duty to consult is invoked by a defendant expressing interest in appealing, trial attorneys must properly advise their client and assess their client's wishes before withdrawing from the case." *Id.* at 1109 (citing Stds. For Crim. Justice § 21-2.2 cmt. (Am. Bar Ass'n 1980)). Finally, "[a] defendant receives ineffective assistance of counsel if his attorney disregards a specific instruction to take an appeal from a conviction or sentence." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013).

The record makes clear that counsel had a conversation with Mr. Seamster about pursuing an appeal. Mr. Seamster declared that counsel discussed the sentencing hearing with him, advised him that the district court had been very lenient, and stated Mr. Seamster should be pleased because he got the best deal possible. Counsel further indicated that even if Mr. Seamster appealed, he would likely get the same sentence. ROA Vol. 3 at 2. Thus, to the extent counsel had a duty to consult with Mr. Seamster

about an appeal, counsel satisfied that duty.[6] Furthermore, as found by the district court, nothing in Mr. Seamster's declaration or § 2255 motion asserts that he directed counsel to file a notice of appeal. *See id.*; ROA Vol. 2 at 43–46 (contending only that "the record fails to conclusively establish that [Mr.] Seamster did not instruct [counsel] to file a notice of appeal"); *see also* Opening Br. at 16 (Mr. Seamster contending he did not communicate with counsel after the day of sentencing and asserting only that "[t]here is also no evidence that [Mr.] Seamster did not instruct counsel to file a Notice of Appeal").[7] And, as discussed *supra* in footnote 6, the facts of the case would not have caused counsel to infer that Mr. Seamster was interested in pursuing an appeal. Accordingly, Mr. Seamster has not presented an argument causing debate regarding the district court's conclusion that counsel did not perform deficiently. Therefore,

---

[6] Because the record is clear that counsel *did* "consult" with Mr. Seamster about an appeal, we need not determine whether counsel had a duty under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to consult. But, for purposes of assessing whether Mr. Seamster expressed a desire to pursue an appeal, we observe that (1) Mr. Seamster's conviction followed a guilty plea; (2) Mr. Seamster received a sentence contemplated when he entered into the plea agreement; and (3) the plea agreement contained an appellate waiver that expressly waived any challenge that Mr. Seamster's "conduct d[id] not fall within the scope of the statute" and only reserved Mr. Seamster's right to appeal from a sentence above the statutory maximum or above the top end of the Guidelines range, ROA Vol. 1 at 28.

[7] Mr. Seamster also faults the district court for not conducting an evidentiary hearing. "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion." *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). Here, the district court did not abuse its discretion in ruling on the § 2255 motion without an evidentiary hearing because Mr. Seamster, by never alleging that he affirmatively asked counsel to file a notice of appeal, did not create a dispute of fact on the matter.

Mr. Seamster has not made a substantial showing of the denial of a constitutional right, and we deny a COA on this issue.

### III. CONCLUSION

We DENY a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge