**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD ARLEN LEE,

     Petitioner - Appellant,

vs.

REGINALD HINES, Warden,

     Respondent - Appellee.

No. 04-6130
(D.C. No. 03-CV-1510-M)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Ronald Arlen Lee, an inmate appearing pro se, seeks a

certificate of appealability (COA) allowing him to appeal the district court's order

denying his habeas petition. Because we determine that Mr. Lee has not made a

"substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and

dismiss the appeal.

Mr. Lee was found guilty of child abuse by a jury verdict and sentenced to

seven years imprisonment and a $2,500 fine. R. Doc. 9 (Orig. R. at 61, 72.). His

conviction was upheld on direct appeal by the Oklahoma Court of Criminal

Appeals ("OCCA"), and his requests for post-conviction relief were denied by the state district court, and the OCCA.

Mr. Lee filed this habeas petition on October 29, 2003. In his petition, Mr. Lee asserts eight claims: (1) he was denied the right to present witnesses on his behalf because the witnesses were unaware of when his trial would be given a rotating trial docket; (2) he was denied access to court records and transcripts, which would have helped him prove witness perjury during his trial; (3) standby trial counsel provided ineffective assistance in presenting his defense; (4) the trial court erred in failing to sua sponte give jury instructions related to self-defense and the right to discipline a child; (5) he was denied compulsory process as the trial court failed to address a witness's non-compliance with a subpoena ordering her to bring specified documents to trial; (6) the court clerk and trial counsel tried to coerce him to plead guilty by charging him with incarceration costs; (7) the Oklahoma Department of Human Resources failed to inform him of his rights during its investigation; and (8) ineffective assistance of standby trial counsel.

Mr. Lee's habeas petition was referred to a magistrate judge for recommendation. The magistrate judge recommended that the petition be denied. R. Doc. 16. Mr. Lee filed a timely objection to the recommendation, and the district court reviewed de novo. The district court subsequently adopted the magistrate's recommendation and denied Mr. Lee's petition. R. Doc. 18.

For this court to grant a COA, Mr. Lee must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Where the district court denies a habeas petition on the merits, a COA should issue when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where the district court denies a petition on procedural grounds, a COA should only issue when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district was correct in its procedural ruling." Id. (emphasis added). We do not think the district court's ruling is fairly debatable or wrong.

Mr. Lee failed to raise all but his fourth claim on direct appeal. Concerning his fourth claim, Mr. Lee would have to show that the OCCA's decision concerning the jury instructions was an unreasonable application of Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence presented to the state court. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J.); Tennard v. Dretke, __ U.S. __, 124 S.Ct. 2562, 2569 (2004). The OCCA determined on direct appeal that the failure of the trial court to give instructions on self-defense

or the right to use reasonable force to discipline a child did not amount to plain error because the instructions were not supported by the evidence and were inconsistent with Mr. Lee's theory of defense. R. Doc. 9 (OCCA Summary Op. at 2). The OCCA's conclusion that a self-defense instruction was not justified by the evidence is supported by the record because nothing suggests that Mr. Lee ever perceived an imminent danger of bodily harm from the victim. Though the jury was not instructed on a right to use reasonable force, the jury was instructed on what constituted "unreasonable force," specifically, "[m]ore than that ordinarily used as a means of discipline." R. Doc. 9 (Orig. R. at 53). Given the state of the record, omission of further instructions on this topic did not deprive Mr. Lee of fundamental fairness or violate due process. See Henderson v. Kibbe, 431 U.S. 145, 155 (1977).

Mr. Lee's remaining claims were denied on state post-conviction for failure to have raised them on direct appeal. Under Oklahoma law, the defendant waives all claims that could have been--but were not--raised on direct appeal. Okla. Stat. Ann. tit. 22, § 1086. Though this court has often questioned whether Oklahoma's rule is an adequate and independent state law ground when it comes to the failure to raise ineffective assistance of trial counsel claims on direct appeal, we need not reach that issue because Mr. Lee represented himself at trial. Even though Mr. Lee had the assistance of standby trial counsel, the magistrate judge's conclusion

that no claim for ineffective assistance lies in this case is not reasonably debatable. See McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984). A defendant who chooses to represent himself and has the assistance of court appointed standby counsel cannot succeed in establishing ineffective assistance against such counsel when it is clear that the defendant maintained control of his defense. See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997). The trial transcript demonstrates that Mr. Lee controlled his defense. Further, Mr. Lee has failed to establish "specific allegations . . . as to the inadequacy" of Oklahoma's procedure. Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999). Thus, Mr. Lee's third and eighth claims are foreclosed.

The remaining claims, one, two, six, and seven, are procedurally barred for not having been raised on direct appeal, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Although ineffective assistance of counsel may provide cause, we must defer to the OCCA's conclusion that appellate counsel was not ineffective for failing to raise these grounds unless such conclusion is unreasonable. 28 U.S.C. § 2254(d); R. Doc. 9 (OCCA Order Affirming Denial of Post Conviction Relief at 3). Despite the OCCA's summary disposition of this issue, it is not unreasonable. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). The

magistrate judge's conclusion that Mr. Lee has failed to show prejudice, that is, that there is a reasonable probability that, but for appellate counsel's errors, the results of his direct appeal would have been different, is not debatable. See Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) ("Strickland v. Washington governs this ineffective-appellate-assistance inquiry" (citation omitted)). Nor has Mr. Lee come forward with any evidence of actual innocence.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge