**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRENCE MICHAEL TAYLOR,

    Defendant - Appellant.

No. 24-6114
(D.C. Nos. 5:24-CV-00089-R &
5:21-CR-00161-R-1)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Terrence Taylor's pro se requests for a certificate of appealability ("COA") and to proceed on appeal in forma pauperis. He seeks a COA so he can appeal the denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because he has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal. Furthermore, because Taylor has not advanced on appeal "a reasoned,

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

nonfrivolous argument on the law and facts in support of the issues raised," this court denies his request to proceed in forma pauperis and orders him to immediately remit the entirety of the appellate filing fee. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Taylor pleaded guilty to two counts of being a felon in possession of ammunition and one count of being a felon in possession of firearms, all in violation of 18 U.S.C. § 922(g)(1). The relevant background is set out in this court's opinion on direct appeal. *See United States v. Taylor*, 86 F.4th 853, 854-55 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2664 (2024). On appeal, Taylor argued the weapons charges were multiplicitous in violation of the Double Jeopardy Clause. *Id.* at 854. This court concluded Taylor's guilty plea waived the double jeopardy issue because the "face of the record" did not conclusively prove the counts of conviction were multiplicitous. *Id.* at 857-59.

Taylor thereafter filed the instant § 2255 motion, raising the following six issues: (1) "ineffective assistance of counsel, Julia Summers"; (2) "miscarriage of justice exception"; (3) "conviction on planted/fabricated evidence"; (4) "fraud on the Court"; (5) "tainted conviction"; and (6) 'ineffective assistance of counsel, Joe Wells." *United States v. Taylor*, Nos. CR-21-161, CIV-24-89, 2024 WL 2786936, at *1 (W.D. Okla. May 30, 2024). The district court concluded Taylor's grounds two, three, four, and five were procedurally barred by Taylor's guilty pleas. *Id.* at *2; *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is

2

charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The district court concluded Taylor's ineffective-assistance-of-counsel claim against Wells, the attorney that represented Taylor at sentencing, failed on the basis set out by this court on direct appeal: Wells could not have been ineffective in failing to raise a multiplicity claim at sentencing because Taylor's guilty pleas waived such claim. *Taylor*, 2024 WL 2786936, at *3.

Finally, the district court concluded Taylor's ineffective-assistance-of-counsel claim against Summers, Taylor's standby counsel through the guilty plea proceedings, failed for two reasons. First, when Taylor pleaded guilty, he was representing himself. *See id.* "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (quotation omitted). The presence of standby counsel does not change this result. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). This is especially true when a defendant like Taylor maintained control of his own defense. *Lee v. Hines*, 125 F. App'x 215, 217 (10th Cir. 2004) (unpublished disposition cited solely for its persuasive value). Second, even assuming Taylor could assert an ineffective assistance claim against Summers, the district court concluded such a claim would fail under the standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Taylor*, 2024 WL 2786936, at *3-4.

Taylor seeks a COA so he can appeal the district court's denial of his § 2255 motion. The granting of a COA is a jurisdictional prerequisite to an appeal

3

from the denial of a § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To be entitled to a COA, Taylor must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether he has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has undertaken a review of Taylor's combined appellate brief and request for COA, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*. That review demonstrates Taylor is not entitled to a COA. Taylor's appellate brief does not address the district court's conclusion that each of the claims related to events occurring before his entry of guilty pleas, claims two, three, four, and five, was waived under the rule set out by the Supreme Court in *Tollett*, 411 U.S. at 267. In any event, the district court's conclusion in that regard is not reasonably subject to debate. Likewise, Taylor ignores the impact of this court's ruling on direct appeal—that his multiplicity claim is waived by the entry of his guilty plea—as

4

to his ineffective assistance claim against Wells. Given the waiver, Wells's "failure" to raise the issue at sentencing could not have possibly prejudiced Taylor. And, in a similar vein, Taylor's appellate briefing of his ineffective assistance claim against Summers fails to address a core aspect of the district court's ruling: Taylor was representing himself pro se, while Summers's status was limited to that of standby counsel. By failing to address this critical aspect of the district court ruling, Taylor leaves this court with no basis to debate the district court's ruling. Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing, *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002), because Taylor's "motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, Taylor's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge

5